### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **MANGOCEUTICALS, INC.,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| - vs - § | **CASE NO. _____** |
| § | |
| **ACCELERATED DIGITAL MEDIA, LLC** § | |
| § | |
| **Defendant.** § | |
| § | |

## NOTICE OF REMOVAL

Accelerated Digital Media, LLC ("Defendant") files this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1332 (Diversity), 1441, and 1446, respectfully showing as follows:

## BACKGROUND

This lawsuit arises out of a Master Services Agreement ("MSA") between Plaintiff Mangoceuticals, Inc. ("Plaintiff") and Defendant. On October 16, 2023, Plaintiff and Defendant entered into an MSA wherein Plaintiff accepted Defendant's digital marketing and digital paid media management services. Plaintiff alleges that Defendant induced Plaintiff to enter into this MSA through certain representations related to Defendant's expertise in the fields of digital marketing and digital management as it relates to men's health and erectile dysfunction medication. Plaintiff alleges that Defendant's services were unsatisfactory and caused temporary shut-downs or restrictions to Plaintiff's marketing platforms.

On October 22, 2024, Plaintiff filed an Original Petition in the 298th Judicial District of Dallas County, Texas, under Case No. DC-24-18881 (the "Action").[1] Plaintiff brings five

---
[1] Ex. A-1; Plaintiff's Original Petition.

attempted causes of action against Defendant. More specifically, Plaintiff claims that Defendant breached the MSA with Plaintiff, that Defendant fraudulently induced Plaintiff to enter into the MSA, and that Defendant made fraudulent and/or negligent misrepresentations to Plaintiff. Plaintiff also seeks a declaratory judgment that the MSA was procured by fraud, and is therefore invalid, null, and void. Plaintiff seeks an award of damages and attorney's fees.

## **DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332**

This Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1441 because: (1) there is complete diversity between Plaintiff and Defendant; and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Complete Diversity Exists.**

There is complete diversity between Plaintiff and Defendant.

**1.     Plaintiff Mangoceuticals, Inc. is a Citizen of Texas.**

Plaintiff Mangoceuticals, Inc. is a corporation that is a citizen of Texas. When considering diversity of citizenship, "a corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. §1332(c)(1). A "principal place of business" refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Plaintiff is incorporated in the State of Texas and has its principal place of business in Dallas, Texas. Therefore, Plaintiff is a citizen of the State of Texas for diversity purposes.

**2.     Defendant Accelerated Digital Media, LLC is a Citizen of Illinois.**

Defendant Accelerated Digital Media, LLC is a limited liability company that is a citizen of Illinois. The citizenship of an LLC is determined by the citizenship of all of its members. *Harvey*

*v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Defendant's sole member is Tellef Lundevall, an individual. A person is a citizen of the state in which he or she is domiciled. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). Tellef Lundevall is domiciled in Highland Park, Illinois. Thus, Tellef Lundevall is a citizen of Illinois. Therefore, Defendant is a citizen of the State of Illinois for diversity purposes.

### B.   Amount in Controversy Met.

The amount in controversy exceeds $75,000 exclusive of interest and costs. A removing party may show the amount in controversy is met in one of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 882–83 (5th Cir. 1998). Plaintiffs' Original Petition, on its face, establishes that the amount in controversy exceeds $75,000. Plaintiff pleads that it "seeks only monetary relief of over $1,000,000.00."[2]

Defendant denies that Plaintiff is entitled to any monetary or other relief, but Plaintiff has clearly pleaded and sought relief that exceeds the jurisdictional threshold. When a plaintiff pleads an amount that exceeds $75,000.00, the amount in controversy is satisfied unless "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *1994 Exxon Chem. Fire v. Berry*, 558 F.3d 378, 387 (5th Cir. 2009) (citing *St. Paul Mercury Indent. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Accordingly, the amount in controversy requirement is satisfied.

---

[2] Ex. A-1; Plaintiff's Petition, at ¶ 2.

## NOTICE OF REMOVAL IS TIMELY

Defendant timely filed this Notice of Removal within 30 days of its receipt of a copy of the initial pleading establishing that this case is removable to this Court. 28 U.S.C. § 1446(b). Plaintiff filed this lawsuit on October 22, 2024; Defendant was served on November 20, 2024; and Defendant filed its Notice of Removal on December 12, 2024. Notice of this removal is also being filed in the state court where the action is currently pending, and this Notice of Removal is also being served on Plaintiff through its counsel, pursuant to 28 U.S.C. § 1446(d). A copy of Defendant's Notice of Removal to be filed in the state court is attached hereto as Exhibit G.

## VENUE IS PROPER IN THIS COURT

Venue in this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the place where the state court action is pending. This Court embraces the 298th Judicial District Court of Dallas County, Texas, which is the state court in which this Action was filed and pending. *See* 28 U.S.C. § 124(a)(1) (specifying that Dallas County falls within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL SATISFIED

Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, orders and docket sheets from the state court file of the Action are being filed with this Notice of Removal. Defendant is filing with the clerk of the state district court in which this Action is pending, and is serving upon Plaintiff, a Notice of Removal, together with supporting documentation, pursuant to 28 U.S.C. §1446(d).

Specifically, pursuant to 28 U.S.C. § 1446(a), and Local Rule 81.1, the following documents are attached to this Notice:

1. An index of matters being filed is attached as **Exhibit A**;

2. Plaintiff's Original Petition is attached as **Exhibit A-1**;

3. The state court request for issuance of citation is attached as **Exhibit A-2**;

4. The state court return of service is attached as **Exhibit A-3**;

5. Federal Certificate of Interested Persons is attached as **Exhibit B;**

6. The civil cover sheet is attached as **Exhibit C**;

7. The supplemental civil cover sheet is attached as **Exhibit D**;

8. The parties' attorneys of record are identified in a document attached as **Exhibit E**;

9. The state court's docket sheet is attached as **Exhibit F**;

10. A copy of Defendant's Notice of Filing Notice of Removal to be filed in the state court action is attached as **Exhibit G**.

## REMOVAL IS PROPER TO THIS COURT

Defendant has met the requirements for removal of this Action to this Court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446. This Notice of Removal is filed subject to and without waiver of all rights and defenses of Defendant to Plaintiff's claims herein.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant hereby removes this matter from the District Court in Dallas County, Texas, to this Honorable Court.

DATED:  December 12, 2024         Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Israel R. Silvas*
Christopher D. Kratovil
Texas Bar No. 24027427
CKratovil@dykema.com
Israel R. Silvas
Texas Bar No. 24051338
ISilvas@dykema.com
Daniel J. Hall
State Bar No. 24118946
DHall@dykema.com
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone:  (214) 462-6400
Facsimile:  (214) 462-6401

**ATTORNEYS FOR DEFENDANT
ACCELERATED DIGITAL MEDIA, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all parties or counsel of record on December 12, 2024, in compliance with the Federal Rules of Civil Procedure.

*/s/ Israel R. Silvas*
Israel R. Silvas