# EXHIBIT A-1

1 CIT ESERVE
JURY DEMAND

Case 3:24-cv-03116-B   Document 1-2   Filed 12/12/24   Page 2 of 8   PageID 11

FILED
10/22/2024 7:55 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Shunta Jackson DEPUTY

CASE NO. DC-24-18881

| | | |
|---|---|---|
| **MANGOCEUTICALS, INC.,** | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| | § | |
| **ACCELERATED DIGITAL MEDIA, LLC,** | § | |
| | § | 298th |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiff MANGOCEUTICALS, INC. complains of Defendant ACCELERATED DIGITAL MEDIA, LLC and in support would show the Court the following:

### LEVEL

1. Plaintiff intends to conduct discovery under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure and affirmatively pleads that this suit does not fall under the expedited-actions process of Rule 169, because Plaintiff seeks damages in excess of $250,000, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

### RELIEF

2. Plaintiff seeks only monetary relief of over $1,000,000. Tex. R. Civ. P. 47(c)(4).

### PARTIES

3. Plaintiff is a Texas limited liability company with its principal place of business in Dallas County, Texas.

4. Defendant ACCELERATED DIGITAL MEDIA, LLC is a Delaware corporation that may be served with process by serving its registered agent, MS Registered Agent Services Inc., 191

North Wacker Drive, Suite 1800, Chicago, Illinois 60606-1631.

## JURISDICTION AND VENUE

5.     This Court has subject-matter jurisdiction over this case under its general jurisdiction as conferred by the Texas Constitution because the amount in controversy is within the Court's jurisdictional limits, and because no other court has exclusive jurisdiction over this case. Defendant purposefully availed itself of the privilege of conducting activities with the State of Texas, including Dallas County.

6.     Venue is proper in Dallas County pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a), et seq., because all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County, Texas.

## FACTS

7.     Plaintiff Mangoceuticals, Inc. ("Plaintiff") is a provider of men's health and wellness products and services via a secure telemedicine platform. The company is publicly traded on NASDQ. Plaintiff relies on its digital marketing to reach customers and maintain and grow its business.

8.     On October 16, 2023, Plaintiff and Defendant Accelerated Digital Media, LLC ("Defendant") entered into a Master Services Agreement ("MSA"). Under the MSA, Defendant was to provide digital marketing and digital paid media management as Plaintiff's exclusive service provider of digital paid media.

9.     Prior to the execution of the MSA, Defendant provided an audit of Plaintiff's marketing and proposed edits to improve Plaintiff's ad-buying strategy for healthcare-related products. During the parties' discussions, Defendant made material representations to Plaintiff. Defendant's representatives touted Defendant as an expert not only in the digital marketing and digital media

management space but specifically in marketing Men's Health and ED medication. Defendant made the proposal with the intent that Plaintiff enter into the MSA. Plaintiff entered into the MSA in reliance on the statements and promises made by Defendant in its proposal.

10. Plaintiff further relied on these statements and incurred expenses based on recommendations and implementations that Defendant instructed Plaintiff to do after the MSA was executed.

11. During the course of the MSA, Plaintiff repeatedly alerted Defendant of technical, tracking and recapping errors in Plaintiff's account. Plaintiff's accounts were repeatedly flagged and shut down by marketing platforms as a result of Defendant's negligence and incompetence. In December 2023, Plaintiff's Meta account was shut down for approximately 2 weeks due to Plaintiff's non-compliance with the advertising policy. In January 2024, Plaintiff's YouTube campaign was flagged. Plaintiff's Google and YouTube ads were restricted by the platforms. In March 2024, Plaintiff's Google account was shut down. Despite multiple complaints made by Plaintiff, Defendant has failed to restore Plaintiff's marketing effectiveness. As a result, Plaintiff's stock plummeted, resulting in damages in an amount within the jurisdictional limits of this Court.

## BREACH OF CONTRACT

12. Plaintiff has complied with all material terms and conditions of the MSA. Defendant has failed to provide services as set forth in the MSA. As a result, Plaintiff suffered actual damages in an amount within the jurisdictional limits of this Court.

## FRAUD IN THE INDUCEMENT

13. Prior to and at the time that the parties entered into the MSA, Defendant, by and through its employees and agents acting on its behalf, made certain representations to Plaintiff, with the intent that Plaintiff rely upon them by entering into the MSA. These misrepresentations were

material. Defendant knew the statements were false. Plaintiff justifiably relied on the statements by entering into the MSA. As a result, Plaintiff suffered losses in an amount within the jurisdictional limits of this Court.

### COMMON LAW FRAUD

14. After the MSA was executed, Defendant's representatives continuously made false representations and recommendations to Plaintiff in hopes of covering up their lack of expertise on knowledge. These misrepresentations were material. Defendant knew the statements were false. Defendant intended for the Plaintiff to rely on the statements. Plaintiff relied on the statements. Plaintiff suffered losses relying on the statements.

### NEGLIGENT MISREPRESENTATION

15. Alternatively, Defendant made representations and recommendations to Plaintiff in the course of Defendant's business and in a transaction in which it had a financial interest. These representations were false and/or misleading and made with the intent that Plaintiff rely upon them. Plaintiff relied on the representations and recommendations to its detriment. The representations made by Defendant were material. The statements were untrue and made knowingly or, in the alternative negligently. Plaintiff justifiably relied on Defendant's misrepresentations when it began procuring the products at issue, when it entered into the MSA, and when it performed its obligations under the MSA. As a result, Plaintiff sustained damages within the jurisdictional limit of this Court.

### REQUEST FOR DECLARATORY JUDGMENT

16. Plaintiff asserts a claim under pursuant to the Texas Declaratory Judgments Act, Sec.37.001 *et. seq.*, Texas Civil Practice and Remedies Code, to have its rights, status and other legal relationships established by a court of competent jurisdiction. Plaintiff now asks the Court

for a declaration that the MSA was procured by fraud on the part of Defendant and is, therefore, null and void.

17. Specifically, Plaintiff seeks a declaration from the Court that:

   a. the MSA was procured by fraud on the part of Defendant;

   b. the MSA is invalid;

   c. the MSA is null and void; and

   d. the amount of economic and non-economic damages which Plaintiff is entitled to recover from Defendant.

18. Pursuant to §37.009 of the Texas Civil Practice and Remedies Code, Plaintiff seeks all costs and reasonable and necessary attorneys' fees, as are equitable and just, which are incurred or which may be incurred in this matter.

## DAMAGES

19. As a result of Defendant's wrongful actions, Plaintiff sustained damages in an amount within the jurisdictional limits of this Court.

20. Plaintiff has incurred reasonable attorney's fees in the prosecution of his claims herein, recoverable pursuant to the terms of the MSA and the Texas Civil Practice & Remedies Code.

## JURY DEMAND

21. Plaintiff demands a jury trial and hereby tenders the jury fee.

## PRAYER

Plaintiff MANGOCEUTICALS, INC. prays that Defendant ACCELERATED DIGITAL MEDIA, LLC be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, for the following:

(a) Actual damages in an amount within the jurisdictional limit of the Court;

(b) Costs of court;

(c) Prejudgment and post-judgment interest at the highest lawful rate; and

(d) Such other and further relief, both general and special, to which Plaintiff may show its entitled.

        Respectfully submitted,

        By: */s/ Roger Farahmand*
        **Roger Farahmand**
        State Bar No.: 00793009
        **Farahmand Law Firm**
        P.C. 13601 Preston Road Suite 112
        East Dallas, Texas 75240
        M: 214-212-8482
        P: 972-720-1000
        F: 972-720-0600
        roger@farahmandlaw.com
        ATTORNEY FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Roger Farahmand on behalf of Roger Farahmand
Bar No. 793009
roger@farahmandlaw.com
Envelope ID: 93457537
Filing Code Description: Original Petition
Filing Description:
Status as of 10/26/2024 1:19 PM CST

Associated Case Party: MANGOCEUTICALS, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Roger Farahmand | | Roger@farahmandlaw.com | 10/22/2024 7:55:52 PM | SENT |