IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MANGOCEUTICALS, INC.,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| - vs - § | **CASE NO. 3:24-cv-03116-B** |
| § | |
| **ACCELERATED DIGITAL MEDIA, LLC** § | |
| § | |
| **Defendant.** § | |
| § | |

## JOINT STATUS REPORT

**COMES NOW**, Plaintiff Mangoceuticals, Inc. ("Plaintiff") and Accelerated Digital Media, LLC ("Defendant"), and hereby file this Joint Status Report pursuant to the Court's Order [Dkt. No. 8]. On January 23, 2025, counsel for Plaintiff and counsel for Defendant conferred in-person on the contents of this report.

**(1)   A brief statement of the nature of the case, including the contentions of the parties;**

On or about October 16, 2023, Plaintiff and Defendant entered into a Master Services Agreement ("MSA"), under which Plaintiff would pay Defendant in accordance with the MSA in exchange for digital marketing and digital paid media management services.

Plaintiff: Plaintiff alleges that Defendant breached the MSA by failing to provide services as set forth in the MSA. Plaintiff also alleges that Defendant made material misrepresentations with the intent that Plaintiff rely on them by entering into the MSA, which Plaintiff contends constitutes fraud in the inducement, common law fraud, and negligent misrepresentation. Plaintiff also seeks a declaratory judgment that the MSA was procured by fraud, is invalid, null, and void, and a declaration of the amount of economic and non-economic damages which Plaintiff is entitled to. Plaintiff also seeks the recovery of attorney's fees. Plaintiff denies that

it owes Defendant any fees because of Defendant's actions or inactions Plaintiff suffered substantial damages.

Defendant: Defendant denies that it made any representations outside of the MSA and further denies that any of the services provided under the MSA were deficient, and that Plaintiff is entitled to any compensation from Defendant for Plaintiff's accounts that were flagged or shut down by marketing platforms. Defendant asserts in its counterclaim that it is entitled to additional sums under the MSA. Plaintiff agreed to a payment schedule under the MSA with a minimum fee of $10,000.00 per month. Under the terms of the MSA, fees which are not disputed in writing within 30 days from the invoice date are deemed to be accepted and final. Fees which are not paid on the due date accrue late charges from the date the payment was due until the date it was paid, at a rate equal to 1.5% per month, or the maximum rate permitted by applicable law. Beginning with the March 2024 invoice, Plaintiff failed to pay to Defendant the fees it owed for Defendant's services. As of December 18, 2024, Plaintiff owed Defendant a total of $83,224.93 in outstanding invoices and late fees. Defendant also seeks the recovery of attorney's fees.

**(2)** **Any challenge to jurisdiction or venue, including any procedural defects in the removal, if this case was removed;**

The Parties do not assert that there are any procedural defects in the removal. Defendant contends that this case should be transferred to the Northern District of Illinois pursuant to the forum selection clause contained in the MSA, as further described in Defendant's Motion to Transfer Venue. Plaintiff opposes Defendant's Motion to Transfer Venue as the contract was procured by misrepresentation and fraud.

**(3)** **Any pending motions;**

**Joint Status Report**

There are three motions currently pending before the Court. Defendant filed a Motion to Transfer Venue and a Motion to Dismiss on December 19, 2024. Plaintiff's Response to both Motions were due on January 9, 2025. Plaintiff has been granted leave to file its Response to Defendant's Motion to Transfer Venue and has a pending motion seeking leave to amend its original complaint.

**(4)   Any matters which require a conference with the Court;**

The Parties are not aware of any matters which require a conference with the Court at this time.

**(5)   Likelihood that other parties will be joined or the pleadings amended;**

The Parties do not currently anticipate joining any other parties at this time. Plaintiff has a pending motion seeking leave to amend its original complaint, but the Parties do not otherwise anticipate further amendments to the pleadings.

**(6)   (a) An estimate of the time needed for discovery, with reasons, (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The Parties believe that discovery can be completed in approximately 4 months. The Parties anticipate needing discovery on the terms of the MSA, Defendant's performance under the MSA, including whether it complied with applicable obligations under the MSA, and Plaintiff's compliance with the terms on the MSA, including its obligation to pay for the services provided under the MSA. The Parties agree that discovery should not be limited to or focused on certain issues or subjects, and that phased discovery is not necessary.

**(7)   Any issues related to disclosure or discovery of electronically stored information, including the form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not);**

The Parties agree that discovery should be produced in searchable PDF format without metadata.

**(8)** **Any issues relating to claims of privilege or of protection as trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether they will be asking the Court to include their agreement in an order;**

The Parties do not anticipate issues related to claims of privilege or of protection as trial-preparation material at this time.

**(9)** **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed;**

The Parties agree that no changes should be made in the limitations on discovery imposed under the Federal rules or by local rule at this time.

**(10)** **Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c);**

The Parties request that the Court enter a scheduling order with the proposed deadlines contained in Paragraph (11).

**(11)** **Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2);**

The Parties propose the following deadlines:

| | |
|---|---|
| Join other parties and amend pleadings | May 30, 2025 |
| File dispositive motions, including motions for summary judgment | July 31, 2025 |
| Complete discovery | June 30, 2025 |
| Designate expert witnesses and make the expert disclosures required by Rule 26(a)(2) | Expert witnesses and disclosures on issues for which the party bears the burden of proof: April 30, 2025<br><br>Expert witnesses and disclosures on issues for which the party does not bear the burden of proof: May 30, 2025 |

**(12)** **Requested trial date, estimated length of trial, and whether jury has been demanded;**

The Parties request a trial date of September 29, 2025.

**Joint Status Report**

**(13)** **Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c);**

The Parties do not consent to a trial by a United States Magistrate Judge.

**(14)** **Progress made toward settlement, and the present status of settlement negotiations. This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful;**

Plaintiff and Defendant have exchanged two good faith offers of settlement. Counsel for Plaintiff represented to Counsel for Defendant that he is preparing documentation to set forth a detailed report of Plaintiff's settlement position. Plaintiff is still preparing this documentation and will send to Defendant once it is prepared.

**(15)** **What form of alternative dispute resolution (*e.g.*, mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and *when* it would be most effective; and**

The Parties believe that mediating with a United States Magistrate Judge would be most appropriate for resolving this case, and further believe that an early mediation would be most effective. The Parties request a mediation with a United States Magistrate Judge on or about February 28, 2025.

**(16)** **Any other matters relevant to the status and disposition of this case;**

None at this time.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**


By: */s/ Israel R. Silvas*
Christopher D. Kratovil
Texas Bar No. 24027427
CKratovil@dykema.com
Israel R. Silvas
Texas Bar No. 24051338
ISilvas@dykema.com
Daniel J. Hall
State Bar No. 24118946
DHall@dykema.com
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone:  (214) 462-6400
Facsimile:  (214) 462-6401

**ATTORNEYS FOR DEFENDANT ACCELERATED DIGITAL MEDIA, LLC**

**-AND-**

**FARAHMAND LAW FIRM, P.C.**

By: */s/ Roger Farahmand*
Roger Farahmand
Texas Bar No. 00793009
Roger@farahmandlaw.com
13601 Preston Road, Suite 112
East Dallas, Texas 75240
Telephone: (972) 720-1000
Facsimile: (972) 720-0600

**ATTORNEY FOR PLAINTIFF MANGOCEUTICALS, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on February 7, 2025, a true and correct copy of the foregoing *Joint Status Report* was filed and served upon all parties and counsel of record via the Court's ECF notification system and the Federal Rules of Civil Procedure.

                                          */s/ Israel R. Silvas*
                                          Israel R. Silvas